IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MR. LORENZO PERFECTO GARCIA,

    Plaintiff,

v.                                      No. CIV-05-0993 MCA/LAM

JOE WILLIAMS, S & G NORTH FACILITY,
CBC MR. SENA, WARDEN'S CENTRAL,
RESPONDENT SUPERIOR,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing *pro se*, and has moved for leave to proceed *in forma pauperis*. For the reasons below, Plaintiff's complaint will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the Court determines that . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's *pro se* complaint, the Court applies the same legal standards applicable to

pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff is classified to the highest custody level and is in non-voluntary protective custody. These restrictions have resulted from his prison gang affiliation, which he claims to have renounced, and other security factors. He contends that his due process rights have been violated by his classification. He seeks a variety of equitable relief, primarily re-classification and transfer, as well as restoration of good time credits.

Plaintiff's allegations of improper classification, and his requests for transfer, do not support civil rights claims. First, Plaintiff has no due process rights to a particular classification. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). And although due process may protect an inmate from arbitrary changes in classification that are outrageous or shock the conscience, *see Duffy v. Uphoff*, No. 96-8017, 1997 WL 82482, at **2 (10th Cir. 1997) (unpublished), Plaintiff's allegations do not meet this standard. With respect to Plaintiff's request for transfer, "state and federal prisoners generally enjoy no constitutional right to placement in any particular penal institution." *Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 468 n.3 (10th Cir. 1992); *Jordan v. Williams*, No. 00-2235, 2001 WL 28020, at **2 (10th Cir. Jan. 11, 2001) (unpublished) ("fact that inmate is transferred to, or must reside in, a private prison, 'simply does not raise a federal constitutional claim.' ") (quoting *Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000)). And last, Plaintiff may only bring his claim for restoration of good time credits in a habeas corpus proceeding. *United States v. Furman*, 112 F.3d 435, 438 (10th Cir. 1997); *Brown v. Smith*, 828 F.2d 1493, 1495 (10th Cir. 1987) (per curiam); *Caserta v. Kaiser*, No. 00-6108, 2000 WL 1616248, at **1 (10th Cir. Oct. 30, 2000) (unpublished). The Court will dismiss the complaint.

IT IS THEREFORE ORDERED that Plaintiff's motion and affidavit for leave to proceed pursuant to 28 U.S.C. § 1915 is GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff's due process claims are DISMISSED with prejudice; his claim for restoration of good time credit is DISMISSED without prejudice; and, pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), judgment will be entered dismissing Plaintiff's complaint and this action.

_____
UNITED STATES DISTRICT JUDGE